IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| HAROLD ELLIS JACKSON, | |
| Petitioner, | |
| v. | CIVIL NO.: WDQ-09-2721 |
| | CRIMINAL NO.: WDQ-02-0305 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Harold Ellis Jackson requests equitable tolling of the limitations period for his motion to vacate, set aside or correct under 28 U.S.C. § 2255. ECF No. 14. Respondent, through counsel, has filed a response in opposition, ECF No. 53, to which Jackson has replied. ECF Nos. 54 and 55. For the following reasons, counsel will be appointed to represent Jackson in an evidentiary hearing.

I. Background

On August 29, 2003, Jackson was sentenced to 151 months incarceration after he pled guilty to bank robbery. On May 4, 2005, he wrote a letter to the Court asking for a reduction in sentence. ECF No. 14. The Court construed it as a motion under 28 U.S.C. § 2255 and dismissed it as time-barred. ECF No. 16. On April 19, 2007, he was denied authorization to file a successive application by the United States Court of Appeals for

the Fourth Circuit. On May 24, 2010, Jackson filed a motion for relief from judgment under Rule 60(b). ECF No. 29. That motion was denied because it was untimely. ECF No. 30. The Fourth Circuit vacated the order on appeal and remanded this case to provide Jackson with notice of this Court's intent to treat the May 2005 filing as a § 2255 motion. ECF No. 38.

Upon reconsideration of the Fourth Circuit's remand decision, on March 1, 2012, the Court notified Jackson that it intended to treat his May 2005 request for a sentence reduction as a § 2255 motion.[1] ECF No. 56. On March 15, 2012, Jackson requested that his May 2005 filing be treated as a § 2255 motion; he supported that request and his request for equitable tolling with the statement he had used to support his argument for equitably tolling the limitations for his 2010 § 2255 motion. Compare ECF No. 57 Attach. 1, with ECF No. 51. The government opposed equitable tolling. ECF No. 53.

---

[1] On October 18, 2011, the Court had notified Jackson that his Rule 60(b) motion, ECF No. 29, was untimely and would be treated as a motion to vacate under 28 U.S.C. § 2255. ECF No. 46. Jackson then requested that his motion be considered under § 2255. ECF No. 48. On November 28, 2011, the Court informed Jackson that ECF No. 29 had been untimely filed and granted him 28 days to show his entitlement to equitable tolling. ECF No. 49.

II. Analysis

A.   Statute of Limitations

A one-year statute of limitations applies to a motion to vacate. See 28 U.S.C. § 2255(f).[2] Jackson did not appeal his conviction. His conviction and sentence became final for the purposes of filing a § 2255 motion 10 days after judgment was entered on August 29, 2003, after the time for appealing had expired. See United States v. Clay, 537 U.S. 522, 524-25, 532 (2003); Fed R. App. P. 4(b)(2002).[3] The limitations period began on September 8, 2003, and expired one year later on September 9, 2004. Jackson's § 2255 motion, the letter filed on May 4, 2005, was more than one year beyond the limitations period. Absent equitable tolling, the motion was time-barred.

---

[2] The statute provides in relevant part:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] When judgment was entered against Jackson, the applicable rule gave defendants 10 days after entry of judgment to file a notice of appeal.

3

*See Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010) (equitable tolling applies to the one-year limitations period).

B.  Equitable Tolling

Jackson contends that his counsel, Paul A Hazlehurst, Esq., "str[u]ng[] him along with no intentions of pursuing" the appeal that Jackson had requested, so after the time for filing a § 2255 had expired, he had "no recourse but to campaign directly to the court via letters." ECF No. 51 at 1.

Equitable tolling is a sparingly granted and extraordinary remedy.[4] Equitable tolling applies only when a petitioner can demonstrate that 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented his timely filing. *See Holland*, 130 S. Ct. at 2563. Whether equitable tolling applies depends on the facts and circumstances of each case. *See Harris*, 209 F.3d at 329-30. Generally, ineffective assistance of counsel does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (*citing Harris*, 209 F.3d at 331).

---

[4] *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). It is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result," *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted) (*citing Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

4

Equitable tolling based upon attorney misconduct requires more than a "garden variety claim of excusable neglect."[5] An attorney must file an appeal when his client "unequivocally instruct[s]" him to do so. *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).[6] If so instructed, an attorney is required to file an appeal even if (1) the client has waived his right to appeal, and (2) it would be harmful to the client's interests. *Poindexter*, 492 F.3d at 273. Failure to file an appeal when the client requests one justifies equitable tolling under *Holland*. *See* 130 S. Ct. at 2564 (failure to file habeas petition on time "despite [the petitioner's] many letters that repeatedly" directed counsel to do so).

When counsel has been unequivocally instructed but fails to file a timely notice of appeal, "prejudice is presumed because

---

[5] *United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (*citing Holland*, 130 S. Ct. at 2562-65); *see also Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (finding cause for procedural default when attorney "abandons his client without notice, and thereby occasions the default," but not as a result of mere attorney negligence); *Holland*, 130 S. Ct. at 2549 (remanding to determine whether "serious instances of attorney misconduct" warranted tolling in view of diligence exercised by inmate).

[6] In most cases, counsel must consult with his client about an appeal. *Roe*, 528 U.S. at 481. "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. An attorney who consults with his client and is not instructed to appeal is not deficient when he fails to appeal. *Id.* at 478.

5

it results in the 'forfeiture' of the appellate proceeding." *Poindexter*, 492 F.3d at 268. If a defendant did not instruct his attorney to appeal, and his attorney did not consult with him about it, the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484; *Poindexter*, 492 F.3d at 268-69. The question is whether the defendant would have appealed, not whether his appeal would have been successful. *Roe*, 528 U.S. at 486.

To justify equitable tolling, the petitioner must also show that he could not have learned that his attorney failed to file an appeal "until sometime within a year of the date the instant § 2255 motion was filed." *Harris v. United States*, No. 04-cr-0088-AW, 2007 WL 2579839, *2 (D. Md. Aug. 31, 2007).[7]

C. Evidentiary Hearing

Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As Jackson has stated that he asked Hazlehurst to

---

[7] *See also Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008) (holding that petitioner was not entitled to equitable tolling when his attorney's failure to file an appeal had been "public knowledge" for over two years because it was discoverable on the online court docketing system and therefore was discoverable through the exercise of due diligence).

appeal Jackson's sentence, and Hazlehurst failed to do so, a hearing is required. ECF No. 57 Attach. 1 at 1.[8]

The government has not addressed Jackson's claim that Hazlehurst failed to file an appeal as required. *See* ECF No. 53. Because this appears to be a significant issue requiring an evidentiary hearing, the government will have an opportunity to brief the issue after appointed counsel has entered the case.

D.  Appointment of Counsel

The interest of justice requires appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), to assist Jackson at the hearing. Counsel will be appointed.

III. Conclusion

For the reasons stated above, counsel will be appointed and a hearing will be conducted to determine whether equitable tolling should apply to permit Jackson to file a belated appeal of his sentence.

3/26/12
Date

William D. Quarles, Jr.
United States District Judge

---

[8] Thus, "[w]hen a colorable Sixth Amendment claim is presented, and . . . material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992).